930 F.2d 23
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James M. DEBARDELEBEN, Defendant-Appellant.
 No. 90-6856.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 21, 1991.
Decided April 9, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Walter E. Black, Jr., District Judge. (CR-84-43-B, CA-88-1586-B)
 James M. DeBardeleben, appellant pro se.
 Juliet Ann Eurich, Office of the United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before DONALD RUSSELL, PHILLIPS and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 James DeBardeleben, a federal prisoner, brought this petition for relief in the district court challenging the validity of his confinement for a kidnapping conviction. DeBardeleben was convicted of kidnapping in Maryland, and his conviction was affirmed by this Court. United States v. DeBardeleben, No. 85-5164 (4th Cir. June 23, 1987) (unpublished), cert. denied, 484 U.S. 1016 (1988). He was also convicted of counterfeiting in Tennessee. He appealed the conviction, but the Sixth Circuit affirmed. United States v. DeBardeleben, 740 F.2d 440 (6th Cir.), cert. denied, 469 U.S. 1028 (1984).
 
 
 2
 DeBardeleben tried to bring the petition as one for habeas relief under 28 U.S.C. Sec. 2241. DeBardeleben was incarcerated outside of the court's jurisdiction, so Sec. 2241 would not have been the proper remedy.[1] DeBardeleben was sentenced in the district court in Maryland, so that district court had jurisdiction over a Sec. 2255 challenge. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 497 (1973). Since DeBardeleben was challenging the validity of his conviction, the district court correctly construed the petition as one under 28 U.S.C. Sec. 2255 rather than one under Sec. 2241.
 
 
 3
 DeBardeleben first alleged that the evidence obtained as a result of the car search in Tennessee and used against him in the kidnapping case was the result of an improperly obtained search warrant. He claimed that he did not have a full and fair opportunity to litigate this claim because the Tennessee district court and the Sixth Circuit did not properly apply the appropriate Supreme Court case law. The car search is extensively discussed in the Sixth Circuit opinion arising out of DeBardeleben's direct appeal on the counterfeiting charge. United States v. DeBardeleben, 740 F.2d 440 (6th Cir.), cert. denied, 469 U.S. 1028 (1984).
 
 
 4
 DeBardeleben next alleged that the evidence obtained during a search of his storage locker in Maryland should have been suppressed because the law enforcement officials conducting the search seized things not specified in the warrant. He contended that this Court incorrectly held that the items were in plain view, and that they were properly seized during the course of conducting a legal search warrant. United States v. DeBardeleben, No. 85-5164 (4th Cir. June 23, 1987) (unpublished), cert. denied, 484 U.S. 1016 (1988).
 
 
 5
 Collateral attack may not generally be made on issues raised and addressed on direct appeal. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir.), cert. denied, 429 U.S. 863 (1976). A petitioner may only raise such issues if he did not have a full and fair opportunity to litigate them on direct appeal, or if there has been an intervening change in the law. Stone v. Powell, 428 U.S. 465 (1976); Davis v. United States, 417 U.S. 333 (1974). DeBardeleben does not argue that there has been an intervening change in law. Further, DeBardeleben presented these claims in suppression hearings and on direct appeal, so he had a full and fair opportunity to litigate them. Therefore, the district court properly denied the petition as to these claims.
 
 
 6
 DeBardeleben next claimed that the government attempted to get him to waive his fourth amendment rights and also tried to coerce him into entering a guilty plea. Even if these allegations are true, they do not state a claim because he did not waive his rights and did not enter a guilty plea. Therefore, he suffered no harm from the government's allegedly wrongful conduct.
 
 
 7
 DeBardeleben alleged that the government interfered in his right to adequately prepare his appellate brief[2] in the counterfeiting conviction by trying him on the kidnapping offense while he was preparing his appellate brief on the counterfeiting case, and by transferring him between prisons during the appeal period. However, the offenses for which he was tried occurred in different states and at different times. He also alleged that the law libraries to which he had access were inadequate. He stated that as a result he was unable to fully and fairly present his claims about the propriety of the car search. He did not, however, point to any defect in the law libraries to which he had access; this allegation is merely conclusory.
 
 
 8
 Finally, DeBardeleben alleged that the government was engaged in a plot to bring about his demise. Aside from the inherent incredibility of this claim, it is not properly raised in a 28 U.S.C. Sec. 2255 petition because it does not call into question the validity of his conviction or confinement. Rather, it may only be brought in a Bivens[3] action because it is a challenge to the conditions under which he is confined.
 
 
 9
 DeBardeleben's motion to file supplemental appendix is granted. His motion for expedited consideration of this appeal is granted to the extent possible given the Court's caseload and the numerous motions for extension of time filed by DeBardeleben and granted by the Court. DeBardeleben's remaining motions are denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 DeBardeleben was incarcerated in Leavenworth, Kansas, at the time this action was instituted, and has subsequently been transferred to Lewisburg, Pennsylvania, and again to Lompoc, California
 
 
 [2]
 DeBardeleben elected to represent himself at trial and on appeal in the kidnapping conviction. The Sixth Circuit opinion reflects that an attorney argued the case on appeal of his counterfeiting conviction; however, the opinion does not reflect whether DeBardeleben wrote the brief
 
 
 [3]
 Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)