982 F.2d 528
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James M. DeBARDELEBEN, Plaintiff-Appellant,
v.
J.M. QUINLAN, Robert L. Matthews, N.W. Smith, R.G. Simpson,
E. Cave, W.A. Blount, Defendants-Appellees.
 No. 92-3047.
 United States Court of Appeals, Tenth Circuit.
 Dec. 4, 1992.
 
 Before LOGAN and EBEL, Circuit Judges, and BARRETT, Senior Circuit Judge.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument. We grant the right to appeal in forma pauperis in order to reach the merits of the case.
 
 
 2
 Plaintiff James M. DeBardeleben appeals from entry of summary judgment in favor of the five named defendants on his amended complaint filed pursuant to 28 U.S.C. § 1331, alleging jurisdiction under 28 U.S.C. § 1361.[1] His contentions on appeal are that: (1) genuine issues of material fact remain and summary judgment was therefore improper, (2) his right of access to the courts and to self-representation was violated; and (3) summary judgment should not have been granted as a matter of law. On appeal, our standard for review of an entry of summary judgment is the same as that applied by the district court pursuant to Fed.R.Civ.P. 56(c). Osgood v. State Farm Mut. Auto. Ins. Co., 848 F.2d 141, 143 (10th Cir.1988). Therefore, we have reviewed the record and plaintiff's brief to determine whether any genuine issue of material fact exists and whether defendants are entitled to judgment as a matter of law.
 
 
 3
 Plaintiff began serving his federal sentence in 1985 at the United States Penitentiary in Lewisburg, Pennsylvania. Shortly thereafter, following publication of a magazine article about plaintiff which apparently was widely available to inmates, he perceived that he was at risk of physical harm if he remained in the general prison population. Plaintiff's requests for protective custody and his refusal of program assignments resulted in two transfers within the federal prison system, ultimately placing him in the United States Penitentiary in Leavenworth on January 27, 1988. Plaintiff had several legal matters pending at the time of this transfer and sixteen boxes containing his legal papers followed him to Leavenworth.
 
 
 4
 Shortly after arrival, plaintiff refused to accept a program assignment to the general prison population. Following notice and hearing, plaintiff was found to have committed misconduct and was disciplined. He admitted in the hearing he had not received any specific threats from inmates at Leavenworth. Nonetheless, plaintiff continued to refuse to enter the general prison population and requested protective custody. Although prison officials had no evidence that plaintiff's safety was at risk in the general prison population, and despite plaintiff's own admissions, he remained as an "unverified protection case" for at least a year after his arrival at Leavenworth. I R.Doc. 44, Att. 4.
 
 
 5
 Inmates under protection at Leavenworth are housed in special units separate from the general prison population. For reasons of safety and security, they are limited in the amount of personal and legal material that can be maintained in their cells. Those inmates, however, are permitted access to the law library and may exchange the legal materials in their cells with their stored materials, within the stated volume limitations. 28 C.F.R. § 543.11(h)(j). Special consideration can be given when an inmate documents an imminent court deadline. 28 C.F.R. § 543.11(h)(i). While housed in a special unit, plaintiff filed his complaint, which he later amended, alleging interference with his access to the courts and inadequate access to legal resources and his own legal files.
 
 
 6
 The evidence is undisputed that plaintiff had access to his own legal materials and to the law library in a manner consistent with prevailing prison regulations. The record is silent as to any evidence of missed filing deadlines, the imposition of sanctions as a consequence of tardy or ill-prepared pleadings, or of any adverse effect on plaintiff's pending cases allegedly attributable to application of these regulations. Plaintiff has presented well-drafted pleadings to this court, as well as the district court. Plaintiff has not alleged a request for "special consideration" was ever made. These are uncontroverted facts. In order to avoid summary judgment, plaintiff must present evidence demonstrating that his access to the court has been substantively impaired. Twyman v. Crisp, 584 F.2d 352, 359 (10th Cir.1978). Instead, plaintiff argues the regulations are burdensome with regard to his apparently voluminous litigation docket. An allegation of hardship does not equate to a constitutional deprivation. We are convinced that neither plaintiff's access to the courts nor alleged right to self-representation was impaired. We agree with the district court that plaintiff has failed to make the requisite evidentiary showing to avoid summary judgment.
 
 
 7
 We also agree with the district court's analysis that the government is entitled to judgment as a matter of law. Prisoners have a constitutional right to court access to present claims of constitutional magnitude. Bounds v. Smith, 430 U.S. 817 (1977). However, a prisoner's rights are necessarily tempered by reasonable restrictions as a consequence of the incarceration. The fundamental goal of institutional security necessitates certain limitations be imposed on prisoners' retained constitutional rights. Bell v. Wolfish, 441 U.S. 520, 546-47 (1979). The regulations for library use, as well as maintenance of personal legal files, do not deny prisoners access to the courts, nor do they specifically deny plaintiff access. Restrictions on access are not per se unconstitutional. United States v. Evans, 542 F.2d 805 (10th Cir.1976) cert. denied, 429 U.S. 1101 (1977). The prison regulations taken as a whole, including the opportunity for increased access to personal files in properly documented circumstances, are intended to foster legitimate penological interests, and not shown to unnecessarily impinge on prisoners' rights. Turner v. Safley, 482 U.S. 78, 89 (1987). We conclude the government is entitled to judgment as a matter of law.
 
 
 8
 AFFIRMED.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Plaintiff also sought to invoke jurisdiction pursuant to 28 U.S.C. § 1651, and alleged violations of his First and Fifth Amendment rights, but has abandoned those allegations on appeal