2 F.3d 1160
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James Mitchell DEBARDELEBEN, Petitioner-Appellant,
v.
Robert L. MATTHEWS, Respondent-Appellee.
 No. 92-3273.
 United States Court of Appeals, Tenth Circuit.
 Aug. 10, 1993.
 
 1
 Before BALDOCK and KELLY, Circuit Judges, and BENSON,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 BENSON, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Petitioner James Mitchell DeBardeleben, a federal inmate currently incarcerated in the United States Penitentiary at Terre Haute, Indiana, is serving an aggregated 315-year sentence for counterfeiting and kidnapping. In 1985, Mr. DeBardeleben was incarcerated in the general prison population at the United States Penitentiary at Lewisburg, Pennsylvania. In October 1985, after allegations that he was a serial rapist-murderer of young women and children became known to the Lewisburg population through an article in a detective magazine, Mr. DeBardeleben sought protection in segregated confinement. A Bureau of Prisons (BOP) staff investigation at the time confirmed that threats had been made against Mr. DeBardeleben by other inmates based on his revealed status as a sex offender. In June 1986, Mr. DeBardeleben was transferred to the United States Penitentiary at Lompoc, California, where he remained in segregated confinement.
 
 
 6
 In January 1988, Mr. DeBardeleben was transferred to the United States Penitentiary at Leavenworth, Kansas, where he again sought protection in segregated confinement. A new BOP staff investigation failed to confirm the need for protective custody, however, and Mr. DeBardeleben was ordered to be housed in the general population. He refused and, over the next several months, was convicted of numerous disciplinary offenses for his repeated refusal to enter the general population at Leavenworth. Approximately two years of good time credits were revoked or withheld as punishment.
 
 
 7
 On November 1, 1988, Mr. DeBardeleben, proceeding pro se and in forma pauperis, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241, seeking restoration of his good time credits and injunctive relief. Mr. DeBardeleben appeals from the district court's denial of relief on his Eighth Amendment and substantive due process claims.
 
 
 8
 In his Eighth Amendment claim, Mr. DeBardeleben alleges he was known as a member of an identifiable group--namely, sex offenders--against which there was a pervasive risk of harm in the general population at Leavenworth. Therefore, he alleges, Leavenworth officials were deliberately indifferent to his safety in ordering him to live in the general population, and were not entitled to sanction him for refusing to accept the assignment by revoking and withholding good time credits. Determining Mr. DeBardeleben's issue to be capable of debate, we grant a certificate of probable cause. See Harris v. Allen, 929 F.2d 560, 561 (10th Cir.1991). We exercise jurisdiction under 28 U.S.C. Sec. 2253, and reverse and remand for additional proceedings.
 
 
 9
 Our two-step review is limited. Cf. United States v. Barboa, 777 F.2d 1420, 1422 (10th Cir.1985) (holding that appellate review of denial of habeas petition filed under 28 U.S.C. Sec. 2255 entails two steps). Because the district court's denial of habeas relief was based solely on the record, without a hearing, we first review de novo whether " 'petitioner's allegations, if proved, would entitle him to relief.' " Moore v. United States, 950 F.2d 656, 659 (10th Cir.1991) (quoting Barboa, 777 F.2d at 1423). If we conclude that petitioner's allegations might merit relief, we next consider whether the district court abused its discretion in not holding a hearing. Id.; see also 28 U.S.C. Sec. 2243. Petitioner's failure to corroborate every allegation with supporting documentary evidence is not fatal to his claim, so long as the record does not conclusively refute his claim. Tower v. Phillips, 979 F.2d 807, 813 n. 12 (11th Cir.1992).
 
 
 10
 We have carefully reviewed the record and, construing Mr. DeBardeleben's petition liberally as we are bound to do, see Haines v. Kerner, 404 U.S. 519, 520 (1972), we conclude that Mr. DeBardeleben has sufficiently alleged an Eighth Amendment violation. See Doe v. Sullivan County, Tenn., 956 F.2d 545, 555 (6th Cir.), cert. denied, 113 S.Ct. 187 (1992). Nothing in the record conclusively refutes his claim, and it is clear that material disputes of fact remain to be resolved. Therefore, we must remand the case to the district court for additional proceedings.
 
 
 11
 We affirm the decision of the district court on Mr. DeBardeleben's substantive due process claim. Clearly, there is some evidence in the record in support of respondent's disciplinary actions. Superintendent, Mass. Correctional Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985).
 
 
 12
 The judgment of the United States District Court for the District of Kansas is AFFIRMED in part and REVERSED in part, and the case is REMANDED for additional proceedings consistent with this order and judgment.
 
 
 
 *
 Honorable Dee V. Benson, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3