101 F.3d 110
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James M. DeBARDELEBEN, Plaintiff-Appellant,
v.
Patrick W. KEOHANE, Defendant-Appellee.
 No. 95-2838.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 25, 1996.*
Decided Nov. 12, 1996.
 
 Before BAUER, FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 James DeBardeleben brought a Bivens action against Patrick Keohane, formerly Warden at the United States Penitentiary at Terre Haute (USP Terre Haute), for denying him access to his legal materials and causing him to miss a filing deadline.
 
 
 2
 DeBardeleben, a prolific litigant, had fifteen boxes of legal materials when he was transferred from USP Lompoc, California, to USP Terre Haute. DeBardeleben arrived at USP Terre Haute on February 18, 1992, but his boxes followed slowly, finally arriving March 5. DeBardeleben's difficulty arose from the fact that his petition to the Supreme Court of the United States for a writ of certiorari (challenging the Third Circuit's affirmance of a denial of a petition for a writ of habeas corpus) had to be filed by March 14, 1992. Because DeBardeleben had already received one extension, he was unable to postpone the filing date.
 
 
 3
 On March 1, DeBardeleben contacted Warden Keohane and asked him to expedite the processing of his boxes because he faced the Supreme Court deadline. Keohane replied promptly, directing DeBardeleben that "The proper procedure is to work within your assigned unit." On March 5, DeBardeleben filed an administrative complaint within his unit. On Friday, March 6, DeBardeleben was escorted to Receiving and Delivery to inventory his boxes; because the inventory took longer than allotted and he was not allowed to keep any of the contents of the boxes, he again requested Keohane to expedite the release of his legal materials on March 8. The boxes were released to DeBardeleben on March 11, 1992. It took DeBardeleben a day to reorganize his papers, leaving him two days to finish his petition. He was not able to do so and missed the filing deadline.
 
 
 4
 DeBardeleben brought suit against Keohane, contending that Keohane's failure to expedite the processing of his boxes acted to deny DeBardeleben his constitutional right of access to the courts. In granting summary judgment for Keohane, the district court held that DeBardeleben's temporary deprivation did not amount to a constitutional violation and that DeBardeleben had failed to show Keohane had deliberately deprived DeBardeleben of his legal materials. DeBardeleben appealed, and we affirm.
 
 
 5
 On appeal, DeBardeleben relies heavily upon Bounds v. Smith, 430 U.S. 817 (1977), to establish that denying him his legal materials resulted in a violation of his constitutional right of access to the courts. In the recent case of Lewis v. Casey, 116 S.Ct. 2174 (1996), however, the Supreme Court clarified Bounds. It stated, "[t]he right that Bounds acknowledged was the (already well-established) right of access to the courts." Id. at 2179 (emphasis in original). Thus, prison facilities such as law libraries and legal assistance programs "are not ends in themselves, but only the means for ensuring a 'reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.' " Id. at 2180 (citing Bounds, 430 U.S. at 825). Because "meaningful access to the courts is the touchstone," in order to assert a constitutional violation an inmate must show that he was hindered in his efforts to pursue a nonfrivolous legal claim. Id. at 2180-81 & n. 3. Although DeBardeleben alleges that he was unable to complete and file his petition for writ of certiorari, he fails to identify the potential grounds he wished to raise, thus making it impossible for this court to ascertain whether DeBardeleben possessed the requisite nonfrivolous claim. See also Howland v. Kilquist, 833 F.2d 639, 643 (7th Cir.1987) (conclusory claim that defendants prevented plaintiff from adequately defending against criminal charge failed to show that access to courts impeded).
 
 
 6
 Lewis also emphasized the deference to prison administrators expressed in Turner v. Safley, 482 U.S. 78 (1987). It specifically noted that Arizona lockdown prisoners experienced delays (some as long as 16 days) in receiving legal materials and assistance, but stated, "so long as they are the product of prison regulations reasonably related to legitimate penological interests, such delays are not of constitutional significance, even where they result in actual injury." Id. at 2185. Here, Keohane attributes the delay in releasing DeBardeleben's legal materials to prison regulations requiring unpacking and inventory of incoming boxes. Such regulations, designed to intercept contraband and weapons before such items reach inmates, are obviously reasonably related to the legitimate goals of prison security and order. Because DeBardeleben had fifteen boxes of legal material, the inventory took a matter of days to complete, in the circumstances not an unreasonable, or unconstitutional, amount of time.
 
 
 7
 Further, assuming that DeBardeleben's two communications to Keohane fulfill the personal knowledge and involvement requirement, DeBardeleben has failed to show Keohane deliberately chose to deny him access to his legal materials so that he would miss the Supreme Court deadline. A plaintiff alleging interference with his access to the courts must show that the deprivation was intentional. Kincaid v. Vail, 969 F.2d 594, 602 (7th Cir.1992), cert. denied, 506 U.S. 1062 (1993). DeBardeleben presents no evidence that Keohane deliberately ignored his request and withheld his boxes.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)