F I L E D
United States Court of Appeals
Tenth Circuit

JAN 6 2004

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JAMES M. DEBARDELEBEN,

Plaintiff-Appellant,

v.

M.V. PUGH, Warden; L.L. LEYBA,
D.O., Clinical Director; M.H. SOSA,
Mailroom Supervisor; V. SUDLOW,
Case Manager; OFFICER GRIGSBY;
OFFICER MARTINEZ; JOHN DOES
ONE AND TWO, Employees of the
U.S. Postal Service,

Defendants-Appellees.

No. 03-1103
(D.C. No. 02-Z-1658)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **McCONNELL** , **ANDERSON** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff James M. DeBardeleben brings this appeal pro se under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). His amended complaint alleged *inter alia* violations of his constitutional rights due to interference with the delivery of his mail from prison, inadequate treatment of his cough, and unspecified threats of impending physical harm. A cursory search on Westlaw reveals that DeBardeleben is an extraordinarily prolific litigant, and that he has filed at least twelve other cases on similar themes in the past. *See, e.g.*, *DeBardeleben v. Pugh*, 56 Fed. Appx. 464 (10th Cir. Mar. 3, 2003) (*Bivens* action with essentially the same claims); *In re DeBardeleben*, 34 Fed. Appx. 136 (4th Cir. May 14, 2002) (suit under 42 U.S.C. § 1983); *DeBardeleben v. Black*, 5 Fed. Appx. 302 (4th Cir. Mar. 15, 2001) (same); *In re DeBardeleben*, No. 98-532, 1998 WL 225226 (4th Cir. May 1, 1998) (petition for writ of mandamus); *DeBardeleben v. Keohane*, No. 95-2838, 1996 WL 661195 (7th Cir. Nov. 12, 1996) (*Bivens* action); *DeBardeleben v. Bureau of Prisons*, No. 94-5258, 1995 WL 225145 (D.C. Cir. Mar. 8, 1995) (discovery dispute in unidentified civil action against the Bureau of Prisons); *DeBardeleben v. Matthews*, No. 92-3273, 1993 WL 308044 (10th Cir. Aug. 10, 1993) (suit under 28 U.S.C. § 2241); *DeBardeleben v.*

*Quinlan*, No. 92-3047, 1992 WL 367918 (10th Cir. Dec. 4, 1992) (suit under

28 U.S.C. § 1331 related to *Bivens* action); *DeBardeleben v. Quinlan*, 937 F.2d

502 (10th Cir. 1991) (unidentified pro se civil rights action under the Eighth

Amendment); *United States v. DeBardeleben*, No. 90-6856, 1991 WL 49625

(4th Cir. Apr. 9, 1991) (suit under 28 U.S.C. § 2241); *In re DeBardeleben*,

No. 89-8031, 1990 WL 116749 (4th Cir. July 26, 1990) (petition for writ

of mandamus); *DeBardeleben v. Kiekbusch*, No. 88-7214, 1988 WL 124970

(4th Cir. Nov. 10, 1988) (suit under 42 U.S.C. § 1983).[1]

On October 21, 2002, the magistrate judge found that DeBardeleben's

amended complaint in this case had failed to provide a "short and plain statement"

---

[1]     This list of cases does not include DeBardeleben's at least ten other suits on direct appeal or asserting collateral attacks on his original sentence of 315 years for counterfeiting and kidnaping. *See, e.g.*, *DeBardeleben v. Hood*, 74 Fed. Appx. 272 (4th Cir. Sept. 10, 2003) (suit under 28 U.S.C. § 2254); *United States v. DeBardeleben*, 61 Fed. Appx. 75 (4th Cir. Mar. 25, 2003) (suit under 28 U.S.C. § 2255); *United States v. DeBardeleben*, 57 Fed. Appx. 204 (4th Cir. Mar. 14, 2003) (same); *DeBardeleben v. Pugh*, 24 Fed. Appx. 230 (4th Cir. Jan. 28, 2002) (suit under 28 U.S.C. § 2254), *cert. denied*, 536 U.S. 920 (2002); *United States v. DeBardeleben*, 19 Fed. Appx. 129 (4th Cir. Sept. 26, 2001) (suit under 28 U.S.C. § 2255); *DeBardeleben v. Hedrick*, No. 98-6393, 1998 WL 792337 (4th Cir. Nov. 16, 1998) (suit under 28 U.S.C. § 2254); *United States v. DeBardeleben*, No. 98-7252, 1998 WL 808636 (4th Cir. Nov. 23, 1998) (suit under 28 U.S.C. § 2255); *United States v. DeBardeleben*, No. 98-6597, 1998 WL 792339 (4th Cir. Nov. 16, 1998) (same and motion to disqualify judge, etc.); *United States v. DeBardeleben*, No. 85-5164, 1987 WL 36735 (4th Cir. June 23, 1987) (direct criminal appeal for kidnaping offense); *United States v. DeBardeleben*, 740 F.2d 440 (6th Cir. 1984) (direct criminal appeal for counterfeiting offense).

of his claims as required to evaluate his arguments under Federal Rule of Civil Procedure 8(a). The amended complaint also failed to allege how the warden, as the defendant in the suit, might have been responsible for any of the deprivations asserted. Accordingly, the magistrate judge ordered DeBardeleben to file a second amended complaint to allege "simply and concisely[] his specific claims for relief, including the specific rights that allegedly have been violated, and the specific acts of each defendant that allegedly violated his rights." Doc. No. 7, Magistrate J. Report and Recommendation at 3. The magistrate judge gave DeBardeleben thirty days from the issuance of his order to comply, or DeBardeleben's action could be dismissed without notice.

On November 12, 2002, DeBardeleben filed a "Motion to Disqualify Magistrate Schlatter" for allegedly participating, without further details, in a "conspiracy" to "sabotage this lawsuit in favor of defendants." The same day, DeBardeleben filed "Objections to the Magistrate's Order," which continued primarily to object to the magistrate judge's personal "harassment" of him, rather than to the substance of the magistrate judge's order for DeBardeleben to amend his complaint. On November 19, 2002, the magistrate judge construed DeBardeleben's "Objections to the Magistrate's Order" as the supporting brief mentioned in DeBardeleben's "Motion to Disqualify Magistrate Schlatter," and he denied the motion for disqualification. At the end of his order denying the motion

for disqualification, the magistrate judge reiterated that DeBardeleben would continue to have thirty days from the date of the original order in which to file a second amended complaint.

On November 21, 2002, the thirty-day window for DeBardeleben to file a second amended complaint expired. On December 9, 2002, the district court judge dismissed DeBardeleben's complaint for failure to prosecute. The dismissal was entered without prejudice. The same day, DeBardeleben filed additional "Preliminary Objections to the Magistrate's Order," which took issue with the magistrate judge's denial of DeBardeleben's motion for disqualification, by then a moot issue. On December 10, 2002, DeBardeleben filed another set of "Objections to the Magistrate's Order" that he labeled his "final" version of his objections from the previous day.

On December 20, 2002, DeBardeleben filed a "Motion for Reconsideration," asking the district court to set aside its order of December 9, 2002, dismissing DeBardeleben's complaint without prejudice. On January 15, 2003, the district court denied DeBardeleben's motion for reconsideration and responded to his miscellaneous other filings. The district court explained that DeBardeleben had been given thirty days from entry of the order on October 21, 2002 to file a second amended complaint conforming to the court's specifications. DeBardeleben had been repeatedly warned that failure to file a second amended

complaint conforming to those specifications within the time allowed would result in the dismissal of his case. DeBardeleben filed many other motions, but none of those motions had been responsive to the magistrate judge's order. DeBardeleben's case had therefore properly been dismissed without prejudice.

Upon review of the record, we agree with the district court's actions. Under Federal Rule of Civil Procedure 8(a), pleadings need only contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." But the twin purposes of a complaint are to give the opposing party fair notice of the basis for the claims against it, and to allow a court to conclude whether, if the allegations were proven, the plaintiff would be entitled to relief. *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989). As the district court suggested, DeBardeleben's original complaint performed neither purpose. His complaint was lengthy, confusing, ill-organized, and failed to tie facts to allegations. The warden and other defendants had no notice of what they were to defend themselves against, and the court had no way to evaluate the viability of DeBardeleben's claims. *Id.*; *see also, e.g.*, *Coopersmith v. Supreme Court for the*

*State of Colo.*, 465 F.2d 993, 994 (10th Cir. 1972) (holding that merely conclusory allegations were insufficient to sustain a complaint).

Moreover, a plaintiff must respond to a court order or risk the consequences of not complying. *See, e.g.*, *Okla. Federated Gold & Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139-40 (10th Cir. 1994) (permitting even the imposition of sanctions against a pro se litigant for failing to respond to a court order). DeBardeleben makes no argument that he did not understand the court's order to submit a second amended complaint. And, upon review, we agree with the magistrate judge and the district court that the motions DeBardeleben chose to file within the thirty-day window were not sufficiently responsive to the substance of the court's order. DeBardeleben thus failed to comply with a direct court order and must suffer the minor consequence of having his complaint dismissed without prejudice. We further note that DeBardeleben is an extraordinarily experienced pro se litigant (see, e.g., the list of cases above), and should fully understand what constitutes an acceptable complaint. His failure to file his complaint in an appropriate form, and then his failure to comply with the court's order to amend his complaint, becomes a waste of the court's resources and his own.

Accordingly, for substantially the reasons stated by the district court, we AFFIRM its dismissal of DeBardeleben's appeal.  We also DENY DeBardeleben's motion to expedite his appeal as moot.

Entered for the Court


Bobby R. Baldock
Circuit Judge