**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 4, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JANOS TOEVS,

      Plaintiff - Appellant,

v.

LARRY REID; SGT. MORRIS;
LT. TROXEL; CASE MANAGER
KRISTY MOORE; EXECUTIVE
DIRECTOR JOE ORTIZ,

      Defendants - Appellees.

No. 07-1025
(D.C. No. 06-cv-1620-ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, Chief Judge, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

---

Plaintiff-Appellant Janos Toevs, a Colorado prisoner proceeding pro se, appeals the dismissal without prejudice of his amended complaint, filed pursuant to 42 U.S.C. § 1983, for failing to file a short and plain statement of his claims. Additionally, Mr. Toevs moves for leave to proceed without prepayment of fees. We exercise jurisdiction

---

[*] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

pursuant to 28 U.S.C. § 1291 and reverse and remand, and grant Mr. Toevs's motion to proceed without prepayment of fees.

## I. BACKGROUND

Mr. Toevs filed his civil rights action, alleging that the actions of prison officials violated his First Amendment right of access to the courts. After reviewing the pleading, the magistrate judge ordered Mr. Toevs to file an amended complaint within thirty days, or his complaint and action would be dismissed. Further, the magistrate judge required Mr. Toevs to show cause why his complaint should not be dismissed for failure to exhaust his administrative remedies.

Mr. Toevs timely filed an amended complaint. However, the district court determined that the amended complaint was deficient. The district court observed that the amended complaint failed to include a short and plain statement of Mr. Toevs's claims, concluding that he spent twenty-three pages "making allegations that he easily could have stated in only a few pages." R., Doc. 10, at 3 (Order and Judgment of Dismissal, entered Jan. 5, 2007). Moreover, the district court noted that Mr. Toevs did not exhaust his administrative remedies. The court dismissed Mr. Toevs's amended complaint and action without prejudice, and entered judgment for the defendants.

## II. DISCUSSION

Mr. Toevs argues that, by applying a pleading standard more stringent than should be applied to a pro se litigant, the district court erred in dismissing his action for failure to

2

comply with Federal Rule of Civil Procedure 8(a). We agree.[1]

We must affirm the district court's decision to dismiss an action for failing to comply with Rule 8(a) unless the court abused its discretion. *See Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1161 (10th Cir. 2007).[2] Rule 8(a) requires that a plaintiff's complaint contain "a short and plain statement" of the grounds upon which his claim is based, a short and plain statement that he is entitled to relief, and a demand for judgment. *See* Fed. R. Civ. P. 8(a). The short and plain statement rule is a de minimus requirement, compelling the plaintiff to provide his opponents "'fair notice of what [his] claim is . . . and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To satisfy the requirements of Rule 8(a), a pro se litigant must understand that:

> [A] complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated. . . . [T]hese are, very basically put, the elements that enable the legal system to get weaving – permitting the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits.

---

[1] The defendants did not enter an appearance or file a brief in this matter.

[2] Federal Rule of Civil Procedure 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to . . . comply with the rules of civil procedure or the court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003). Although unstated, we assume that the district court dismissed Mr. Toevs's amended complaint pursuant to Rule 41(b). *See Nasious*, 492 F.3d at 1161 & n. 2 ("And, to be sure, a failure to satisfy Rule 8 can supply a basis for dismissal: Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure.").

*Nasious,* 492 F.3d at 1163.

Significantly, Rule 8(a) establishes "a ceiling (the complaint must be *no more than* 'a short and plain statement')" and not "a floor (the complaint must *at least* be a 'short and plain statement'." *Frazier v. Ortiz*, Case No. 06-1286, 2007 WL 10765, at *2 (10th Cir. Jan. 3, 2007) (unpublished), *cert. denied*, 127 S. Ct. 3011 (2007) (citing *New Home Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957)). Nonetheless, we recognize that pro se litigants may be hard pressed to conform to Rule 8(a)'s requirement of brevity while attempting to provide the defendant fair notice. Consequently, we give pro se litigants greater leeway by construing their pleadings liberally and holding them to less stringent standards than lawyers. *See Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007).

We have reviewed Mr. Toevs's complaint and his amended complaint. We acknowledge that his pleadings are not a model of conciseness. Nevertheless, we conclude that Mr. Toevs heeded the magistrate judge's order and filed an amended complaint that passes Rule 8(a) muster.

Mr. Toevs's twenty-five page, hand-written complaint pleaded one claim supported by seventy-three separate paragraphs. The complaint consisted of a litany of alleged grievances and offered no coherent legal theory. The magistrate judge ordered Mr. Toevs to amend his complaint by editing and organizing his claims into a manageable format, asserting each defendant's personal participation, and by pleading an affirmative link between those defendants and his alleged injuries. R., Doc. 6, at 4 (Order to File

4

Amended Complaint and to Show Cause, entered Oct. 17, 2006). The magistrate judge also required Mr. Toevs to demonstrate that he had administratively exhausted his claims.

In contrast to the complaint, Mr. Toevs's amended complaint contains five causes of action in which he (a) identifies the legal rights he claims the defendants violated and which defendants violated them, (b) provides a recitation of the facts underlying each of his claims, and (c) informs both the defendants and the court how he believes the defendants' actions harmed him. Granted, Mr. Toevs's amended complaint comprises twenty-three pages. Yet, only approximately thirteen of those pages are devoted to Mr. Toevs's substantive claims. Approximately two or three of the twenty-three pages attempt to show that he adequately exhausted his administrative remedies.

Although this court has consistently upheld dismissals for failure to comply with Rule 8, those cases are factually distinguishable. For instance, in *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007), *cert. denied*, 128 S. Ct. 897 (2008), the plaintiff filed a ninety-nine page, single-spaced complaint. She "neither identifi[ed] a concrete legal theory nor target[ed] a particular defendant" in 463 paragraphs. *Mann*, 477 F.3d at 1148. Under these rather extreme circumstances, we determined that the district court properly dismissed the complaint. *See also Frazier*, 2007 WL 10765, at *2 (characterizing a 136-page amended complaint naming fifty-one defendants as a "sprawling chronicle" that "cloud[ed]" the claims rather than "illuminat[ing]" them); *Debardeleben v. Pugh*, 85 Fed. App'x 142, 145 (10th Cir. 2004) ("lengthy, confusing, ill-organized" complaint that "failed to tie facts to allegations") (unpublished); *Abdelsamed v. United States*, 13 Fed.

5

App'x 883, 884 (10th Cir. 2001) (unpublished) (although proposed amended complaint reduced the original 151-page complaint to seventy-six pages, it nonetheless contained twice as many claims as the original, which were supported by "incomprehensible" allegations); *Windsor v. Colo. Dep't of Corr.*, 9 Fed. App'x 967, 969 (10th Cir. 2001) (unpublished) ("the sheer volume" of the lengthy complaint and hundreds of attachments "fail to give the Defendants fair notice of the basis of the claims against them"). *Cf. Ausherman v. Stump*, 643 F.2d 715, 716 (10th Cir.1981) (noting that plaintiff's complaint could "fairly be described as prolix" and "violat[ive] of Fed. R. Civ. P. 8(a)," amounting to a "rambling narrative" of sixty-three pages with nine pages of attachments).

Compared to *Mann* and similar cases, the thirteen pages Mr. Toevs dedicated to setting forth his claims can hardly be considered excessive. Moreover, unlike the plaintiff in *Mann*, Mr. Toevs alleged violations of identifiable constitutional rights supported by factual assertions tethered to particular defendants. In reaching our holding, we do not intend to criticize either the district court or the magistrate judge regarding their efforts to address Mr. Toevs's inartful pleadings. While we praise their patience and thoroughness, we nonetheless remain mindful of the principle that a pro se litigant's pleadings are to be construed liberally. Applying that standard, we are convinced that Mr. Toevs's amended complaint meets the requirements of Rule 8(a).

We express no view concerning the merits of Mr. Toevs's action. Nor is this decision designed to deter the district court from vigorously performing its screening function under 42 U.S.C. § 1997e(c)(1). In carrying out that function, however, we note

6

that the court will be operating under a legal framework different from the one prevailing when it entered its dismissal order. Shortly thereafter, the Supreme Court held that exhaustion of administrative remedies under the Prison Litigation Reform Act need not be pled in a complaint. *Jones v. Bock*, 127 S. Ct. 910, 921-22 (2007); *see Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007) (discussing when district court may raise exhaustion question sua sponte and how to proceed once raised, including giving plaintiff opportunity to address issue).

## III.  CONCLUSION

We conclude that the district court abused its discretion in dismissing Mr. Toevs's action without prejudice. We **REVERSE** the dismissal, and **REMAND** to the district court for further proceedings consistent with this order and judgment.

We further **GRANT** Mr. Toevs's request for leave to proceed on appeal without the prepayment of fees under 28 U.S.C. § 1915. Although he has made partial payments toward the filing fee, we remind him of his continuing obligation to make such payments until the entire fee has been paid in full. *See* 28 U.S.C. § 1915(b)(1)-(2).

Entered for the Court

Jerome A. Holmes
Circuit Judge

7