**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-6540**

CHETANAND KUMAR SEWRAZ,

Plaintiff - Appellant,

v.

DAVID LONG, JR.; MICHAEL MORCHOWER; ETHICAL INVESTIGATIONS; ASSET PRESERVATION; ROBERT H. CARTER; DELORES W. CARTER; PEARSON HYUNDAI; N. E. LEWIS; MICHAEL KESSLER; UNKNOWN EMPLOYEES OF PEARSON HYUNDAI,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, Senior District Judge. (3:08-cv-00100-RLW)

Submitted: November 19, 2010        Decided: January 6, 2011

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Chetanand Kumar Sewraz, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chetanand Kumar Sewraz appeals from the district court's order dismissing his complaint without prejudice for failure to comply with Fed. R. Civ. P. 8(a)'s requirement that the complaint contain a "short and plain statement of the claim." Specifically, the district court found that Sewraz's complaint was too lengthy, "excessively detailed[,] and [included] often unnecessary factual background." The court further stated that the incorporation of previous allegations in each count required constant cross-referencing and made it difficult to know which facts supported which cause of action. In addition, the court ruled that Sewraz's later-filed index "simply adds another layer to an already overly convoluted pleading." After a careful review of Sewraz's complaint, we vacate and remand for further proceedings.

We review a district court's dismissal of a complaint for failure to comply with Rule 8(a) for abuse of discretion. See Kittay v. Kornstein, 230 F.3d 531, 541 (2d Cir. 2000); In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996). When determining whether a district court abused its discretion in dismissing a complaint for failure to comply with Rule 8(a), courts have looked to various factors, including the length and complexity of the complaint, see, e.g., United States ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir.

2

2003); whether the complaint was clear enough to enable the defendant to know how to defend himself, see, e.g., Kittay, 230 F.3d at 542; and whether the plaintiff was represented by counsel. See, e.g., Elliott v. Bronson, 872 F.2d 20, 21-22 (2d Cir. 1989).

Regarding the length and complexity of Sewraz's complaint, the substantive portions of his complaint comprised 265 paragraphs in thirty-three pages. While Sewraz's computation of damages and specifics as to all of his losses were more detailed and repetitive than necessary in a complaint, his actual claims were easy to understand and were comprehensible without difficulty or guesswork. Generally, complaints dismissed under Rule 8(a) are substantially longer and more complex. See, e.g., Garst, 328 F.3d at 379 (155 pages, 400 paragraphs, 99 attachments); Westinghouse Sec., 90 F.3d at 703-06 (3d Cir. 1996) (600 paragraphs, 240 pages); Vicom, Inc. v. Harbridge Merch. Svcs., 20 F.3d 771, 775-76 (7th Cir. 1994) (finding 385-paragraph, 119-page "less-than-coherent" complaint should have been dismissed); Kuehl v. FDIC, 8 F.3d 905, 906-09 (1st Cir. 1993) (358 paragraphs, 43 pages);[*]

---

[*] The Kuehl complaint also included numerous repetitive counts, essentially charging the same defendants with the same conduct on the same legal theory. 8 F.3d at 906 n.2. Such is not the case here.

3

<u>Michaelis v. Nebraska State Bar Ass'n</u>, 717 F.2d 437, 439 (8th Cir. 1983) (144 paragraphs, 98 pages); <u>see also</u> <u>Hearns v. San Bernardino Police Dep't</u>, 530 F.3d 1124, 1127 (9th Cir. 2008) (finding abuse of discretion when district court dismissed 81-page complaint that included "excessively detailed factual allegations" that were nonetheless "coherent, well-organized, and stated legally viable claims").

Turning to the other factors, we find that the Defendants could easily determine what causes of action applied to them and what factual allegations supported each cause of action. While a defendant would likely need to read the complete factual background in order to see the big picture alleged, the facts are intelligible and clearly delineated as to each defendant. In addition, because Sewraz was proceeding pro se, his complaint was entitled to greater leeway. <u>See</u> <u>Toevs v. Reid</u>, 267 F. App'x 817, 819-20 (10th Cir. 2008) (finding dismissal of twenty-three-page pro se complaint that was "not a model of conciseness" but "alleged violations of identifiable . . . rights supported by factual assertions tethered to particular defendants" was an abuse of discretion).

Based on the foregoing, we conclude that the district court abused its discretion in dismissing the complaint for failure to comply with Rule 8(a). Given that the complaint was clear and understandable and gave Defendants appropriate notice

4

of the claims against them, the dismissal was improper. See Garst, 328 F.3d at 378 (holding that a court could not dismiss a complaint merely because it contains repetitious and irrelevant matter, as "surplusage in a complaint can be ignored"). Accordingly, we vacate the district court's dismissal of Sewraz's complaint and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED