**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 22, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

WALTER M.J. KOLAK,

    Plaintiff - Appellant,

v.

ARAPAHOE COUNTY, ET AL.;
ARAPAHOE COUNTY SHERIFFS
FACILITY, ET AL.; HEALTH AND
SAFETY OF AMERICA, ET AL.;
WELLPATH, ET AL.,

    Defendants - Appellees.

No. 22-1139
(D.C. No. 1:22-CV-00306-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Walter Kolak, proceeding pro se,[1] asserted several claims under 42 U.S.C. § 1983.

Adopting the magistrate judge's report and recommendation in full, the district court

dismissed the action without prejudice under Federal Rule of Civil Procedure 41(b),

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1] "We construe [Kolak's] pro se pleadings and other papers liberally," but we do not act as his advocate. *Merryfield v. Jordan*, 584 F.3d 923, 924 n.1 (10th Cir. 2009).

concluding that Kolak had twice failed to comply with the pleading requirements of Federal Rule of Civil Procedure 8. Kolak appeals. For the reasons explained below, we affirm.

## Background

Kolak initiated this action when he was a pretrial detainee at the Arapahoe County Detention Facility. Kolak's initial 20-page complaint alleged that jail staff, jail officials, and Arapahoe County infringed his right to medical care under the Fourteenth Amendment.[2]

The magistrate judge assigned to the case concluded that Kolak's complaint violated Rule 8, explaining that to comply with the rule, Kolak "must allege, in a clear, concise, organized, and understandable manner" how each defendant harmed him, what rights Kolak claims were violated, and his requested relief. R. 29. Accordingly, the magistrate judge ordered Kolak to file an amended complaint to correct these deficiencies.

In response to the magistrate judge's order, Kolak filed an amended ten-page complaint, asserting three claims for alleged violations of his right to medical care. The matter was again referred to the magistrate judge. In reviewing this amended complaint, the magistrate judge explained that its prior order had gone unheeded. It observed that Kolak had again supplied "only vague, unclear, and conclusory allegations in support of

---

[2] Kolak frames his claims as Eighth and Fourteenth Amendment violations. But since Kolak was detained pretrial, his constitutional right to adequate medical care is properly asserted under the Fourteenth Amendment. *See Strain ex rel. Pratt v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020), *cert. denied*, 142 S. Ct. 312 (2021).

his claim" and that the new pleading still "fail[ed] to explain, clearly and concisely," the necessary information. *Id.* at 61. In particular, the amended complaint did not explain "what each defendant did to him"; "when the defendant did it; how the defendant's action harmed him"; and "what specific legal right [he] believes the defendant violated." *Id.* (quoting *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007)). Accordingly, the magistrate judge recommended Kolak's case be dismissed without prejudice under Rule 41(b) for failure to comply with Rule 8's pleading requirements.

The district court overruled Kolak's objections and adopted the magistrate judge's recommendation in full. The district court also denied Kolak leave to proceed in forma pauperis on appeal without prejudice to renewal, reasoning that any appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). Kolak appeals and renews his motion to proceed in forma pauperis on appeal.

**Analysis**

"We review dismissals under Rule 41(b) for abuse of discretion." *Nasious*, 492 F.3d at 1161 (reviewing dismissal under Rule 41(b) for failure to comply with Rule 8). A district court abuses its discretion when it makes a clear error, "venture[s] beyond the limits of permissible choice under the circumstances," or "issues an arbitrary, capricious, whimsical[,] or manifestly unreasonable judgment." *Hamric v. Wilderness Expeditions, Inc.*, 6 F.4th 1108, 1117 (10th Cir. 2021) (quoting *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015)). Further, we may affirm the decision below "on any ground supported by the record." *Johnson v. Spencer*, 950 F.3d 680, 711 n.13 (10th Cir. 2020).

3

Kolak argues that his case should not have been dismissed because he complied with the requirements of Rule 8.[3] Under Rule 8, a complaint "must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, a complaint must contain "simple, concise, and direct" allegations. Fed. R. Civ. P. 8(d)(1). It "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and what specific legal right [he or she] believes the defendant violated." *Nasious*, 492 F.3d at 1163. And while we remain cognizant "that pro se litigants may be hard pressed to conform to Rule 8(a)'s requirement of brevity while attempting to provide the defendant fair notice," *Toevs v. Reid*, 267 F. App'x 817, 819 (10th Cir. 2008) (unpublished),[4] their "pro se status does not relieve [them] of [their] obligation to comply with procedural rules," *Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002).

We have reviewed Kolak's amended complaint. As a preliminary matter, we acknowledge that Kolak's complaint is a reasonable length—ten pages. We also acknowledge that, as Kolak points out, the district court seemingly failed to consider two of his three claims, instead construing the amended complaint as asserting only "one claim." R. 58. But even with the leeway accorded to pro se litigants—and even if the

---

[3] Kolak makes additional arguments related to the merits of his claims and requests an evidentiary hearing. But because the district court's basis for dismissal was Kolak's failure to adhere to Rule 8, we do not address those assertions.

[4] We cite unpublished cases in this order and judgment only for their persuasive value. *See* 10th Cir. R. 32.1(A).

district court had considered all of Kolak's claims (as it should have)—the record

supports the district court's ruling. *See Johnson*, 950 F.3d at 711 n.13.

The principal defect throughout Kolak's complaint is that it fails to adequately

explain which members of the jail's medical staff he intends to sue. The form complaint

Kolak filled out identifies "HAS/Wellpath et al.; Medical Staff [at] [Arapahoe County

Detention Center]" as a defendant. R. 47. Yet the body of the complaint, supplemented

with handwritten pages, describes actions by various members of the jail's medical and

security staff without distinguishing between who is, and who is not, meant to be a

defendant. Kolak's failure to do so prevents defendants from having "sufficient notice to

begin preparing [their] defense" and fails to provide the district court with "sufficient

clarity to adjudicate the merits." *Nasious*, 492 F.3d at 1163. We therefore affirm the

district court's dismissal order.[5]

As a final matter, we grant Kolak's motion to proceed in forma pauperis on

appeal. But we remind Kolak "of his continuing obligation to make partial payments until

his filing fee has been paid in full." *Jenkins v. Currier*, 514 F.3d 1030, 1035 (10th Cir.

2008).

---

[5] We note that generally a dismissal without prejudice permits Kolak to refile his action and more clearly state which claims—and what corresponding conduct—he means to allege against each potential defendant. *See Nasious*, 492 F.3d at 1162 ("Employing Rule 41(b) to dismiss a case without prejudice for failure to comply with Rule 8 of course allows the plaintiff another go at trimming the verbiage.").

For the foregoing reasons, we affirm.

Entered for the Court


Nancy L. Moritz
Circuit Judge