FILED
United States Court of Appeals
Tenth Circuit

January 23, 2008

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

STEVEN DEWAYNE JENKINS,

      Plaintiff–Appellant,

  v.

ERNIE CURRIER, Mayor of Enid,
OK; BILL WINCHESTER, Sheriff,
Garfield County; JON MARSHALL,
Deputy; LOGAN NILES, Deputy;
JENNIFER BUTTRUM, Detention
Officer; CURTIS LENTZ, Detention
Officer,

      Defendants–Appellees.

No. 07-6113

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. 07–CV–223–M)**

---

Submitted on the briefs:[*]

Steven Dewayne Jenkins, pro se.

---

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

---

**McKAY**, Circuit Judge.

---

    [*] After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2). The case is therefore ordered submitted without oral argument.

In this 42 U.S.C. § 1983 action, Appellant, a state prisoner proceeding pro se, alleges that state officials violated his constitutional rights and state law when they took him into custody without a warrant or a probable cause hearing and transferred him to a correctional facility in order for him to serve his previously imposed sentences.

Appellant pled guilty in December 2003 to two Oklahoma charges of distributing controlled dangerous substances within 2000 feet of a school. He was sentenced to concurrent twelve-year terms of imprisonment on each count, to be served concurrently with his preexisting federal sentence. However, after finishing his federal sentence in May 2004, Appellant was erroneously released to the street rather than being returned to Oklahoma custody to serve his state sentences.

In February 2005, Appellant was arrested without a warrant by Oklahoma state officials who evidently were aware that he had not completed his state sentences. They did not take him before a judge or magistrate for a hearing, but simply transferred him to the Lexington Assessment and Reception Center for processing. He was subsequently transferred to the Lawton Correctional Facility. The Oklahoma state district court recently granted Appellant street-time credit for the 280 days between his release on May 18, 2004, and his detention on February 22, 2005, based on its conclusion that he was released through no fault of his

-2-

own.

The district court dismissed Appellant's complaint for failure to state a claim, agreeing with the magistrate judge's conclusion that Appellant's Fourth and Fourteenth Amendment rights were not violated by the state officials' actions. The court then declined to exercise supplemental jurisdiction over Appellant's state law claim. On appeal, Appellant maintains that his constitutional rights were violated when he was taken into custody without a warrant and was not brought before a magistrate judge for a probable cause hearing before he was sent to the correctional facility.[1]

We review the district court's dismissal for failure to state a claim de novo. *Felix v. Lucent Techs., Inc.*, 387 F.3d 1146, 1153 (10th Cir. 2004). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d

---

[1] Appellant also argues that the absence of any detainers on his notice of release from federal custody shows that the state must have deemed his state sentences satisfied by the time served on the concurrent federal sentence. To the extent that this argument is a challenge to the lawfulness of Appellant's current confinement, it is not cognizable under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994). To the extent that Appellant raises this argument in support of his Fourteenth Amendment claim, we disagree with his contentions. While the absence of any holds on his federal prison record explains why federal officials failed to release him into Oklahoma custody, it in no way proves that Oklahoma considered his twelve-year sentences to be satisfied by the five months he served in federal custody between December 2003 and May 2004. Moreover, his argument receives no support from the state court records.

803, 806 (10th Cir. 1999). Although we construe a pro se plaintiff's complaint broadly, the plaintiff still has "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "Plaintiffs alleging a violation of § 1983 must demonstrate they have been deprived of a right secured by the Constitution and the laws of the United States, and that the defendants deprived them of this right acting under color of law." *Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1125 (10th Cir. 2000) (internal quotation marks omitted).

The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Thus, "[t]he touchstone of the Fourth Amendment is reasonableness." *United States v. Knights*, 534 U.S. 112, 118 (2001). Although the existence or absence of a warrant will usually be relevant to the reasonableness inquiry, the Fourth Amendment does not require a warrant for every search or seizure. *See Nat'l Treasury Employees Union v. Von Raab*, 489 U.S. 656, 665 (1989) ("While we have often emphasized, and reiterate today, that a search must be supported, as a general matter, by a warrant issued upon probable cause, our decision in [*Skinner v.*] *Railway Labor Executives* [*Assn.*, 489 U.S 602 (1989),] reaffirms the

longstanding principle that neither a warrant nor probable cause, nor, indeed, any measure of individualized suspicion, is an indispensable component of reasonableness in every circumstance."); *see also United States v. Watson*, 423 U.S. 411, 416-17 (1976) ("[T]here is nothing in the Court's prior cases indicating that under the Fourth Amendment a warrant is required to make a valid arrest for a felony.  Indeed, the relevant prior decisions are uniformly to the contrary."); *Illinois v. McArthur*, 531 U.S. 326, 330-31 (2000) (collecting cases).  With respect to seizures in particular, "[i]n conformity with the rule at common law, a warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed."  *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004).

Moreover, persons subject to criminal sanctions, such as incarcerated prisoners and parolees, have more limited Fourth Amendment rights.  For instance, the Supreme Court has held that "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell."  *Hudson v. Palmer*, 468 U.S. 517, 526 (1984).  While "parolees are protected against unreasonable searches and seizures[,] . . . their rights . . . are not coextensive with those of ordinary citizens."  *Sherman v. U.S. Parole Comm'n*, 502 F.3d 869, 873 (9th Cir. 2007).  Most courts that have considered the Fourth Amendment implications of seizing a parole violator have held that a parolee remains in legal custody during the period of his parole and therefore that the

retaking of a parole violator does not constitute an arrest for Fourth Amendment purposes. *See United States v. Polito*, 583 F.2d 48, 54-56 (2d Cir. 1978) (collecting cases); *see also Baumhoff v. United States*, 200 F.2d 769, 770 (10th Cir. 1952) ("It is true that during the time a prisoner is at large on parole he remains in constructive custody."). Although using the term "arrest" to describe the retaking of a parolee, the Ninth Circuit has similarly indicated that the full protections of the Fourth Amendment do not apply in such a situation: "[P]robable cause is not required to arrest a parolee for a violation of parole. Warrantless arrests of parole violators are also valid. The arrest of a parolee is more like a mere transfer of the subject from constructive custody into actual or physical custody." *United States v. Butcher*, 926 F.2d 811, 814 (9th Cir. 1991) (citations and internal quotation marks omitted). Nor is an escaped convict entitled to the same Fourth Amendment protections as an ordinary citizen. "The Fourth Amendment is not triggered anew by attempts at recapture because the convict has already been 'seized,' tried, convicted, and incarcerated." *Gravely v. Madden*, 142 F.3d 345, 348 (6th Cir. 1998). Thus, escaped convicts may generally be taken back into custody without a warrant or a hearing. *Tavarez v. U.S. Attorney Gen.*, 668 F.2d 805, 808 (5th Cir. 1982).

Under Oklahoma law, a convicted defendant who is at liberty without having served his sentence "may be arrested as on escape and ordered into custody on the unexecuted judgment." *Ex parte Smith*, 190 P. 1092, 1092 (Okla.

-6-

Crim. App. 1920); *see also Hopkins v. North*, 135 A. 367, 368 (Md. 1926) ("The decided weight of authority, and, in our opinion, the better reasoned cases, hold that, where a prisoner secures his liberty through some illegal or void order, it is to be treated as an escape, and he can be retaken and compelled to serve out his sentence . . . .").

Here, state officials took Appellant into custody in order for him to serve his previously imposed sentences. This action was not improper. His erroneous release from federal custody onto the street did not destroy Oklahoma's claim to legal custody over him. Because he was subject to an unfinished sentence, Appellant, like a parole violator or an escaped convict, was not entitled to the full protections of the Fourth Amendment. The state authorities evidently had reason to believe that Appellant had not completed serving his state sentences. We hold that this was a sufficient basis for his seizure and that no warrant was necessary to take him into physical custody.

Appellant's complaint does not allege any special circumstances that would make his otherwise permissible arrest unreasonable under the Fourth Amendment. *See Whren v. United States*, 517 U.S. 806, 818 (1996) ("Where probable cause has existed, the only cases in which we have found it necessary actually to perform the 'balancing' analysis [to determine reasonableness under the Fourth Amendment] involved searches or seizures conducted in an extraordinary manner, unusually harmful to an individual's privacy or even physical interests—such as,

for example, seizure by means of deadly force, unannounced entry into a home, entry into a home without a warrant, or physical penetration of the body." (citations omitted)). We therefore conclude that the facts alleged in Appellant's complaint cannot demonstrate a violation of his Fourth Amendment rights. *See Campbell v. Williamson*, 783 F. Supp. 1161, 1164 (C.D. Ill. 1992) (finding no constitutional violation where mistakenly released prisoner was detained without warrant and returned to state custody to finish serving sentence).

Appellant further argues that his Fourteenth Amendment due process rights were violated when he was transferred to the correctional facility without a hearing. We disagree. As the Arizona Supreme Court pointed out in a similar situation, a pre-detention hearing would serve no purpose. *McKellar v. Ariz. State Dept. of Corrs.*, 566 P.2d 1337, 1339 (Ariz. 1977). "Appellant has committed no [new] wrong, so the state could allege none. The state would have to assert the fact that appellant has not yet served [his full term of imprisonment], and to that assertion appellant has no defense. In essence, granting appellant 'procedural' due process in this instance would be to grant him nothing." *Id.* The Fourth Circuit has similarly held: "A prisoner who is mistakenly released does not have a protected liberty interest because, unlike a parolee, he does not have a 'legitimate claim of entitlement' to freedom. With no liberty interest to protect, there is no violation of due process and no need for [a] pre-detention hearing[] . . . ." *Henderson v. Simms*, 223 F.3d 267, 274-75 (4th Cir. 2000) (citation omitted).

We find the reasoning of these cases persuasive. We also note that the judgments in Appellant's state convictions directed the county sheriff to deliver Appellant to the Lexington Assessment and Reception Center for incarceration pursuant to the sentences imposed and that no issue existed regarding Appellant's identity. Under the circumstances of this case, Appellant had no due process right to a hearing when he was taken back into custody to complete his previously imposed sentence. Thus, we conclude the facts alleged in Appellant's complaint cannot establish a violation of his Fourteenth Amendment due process rights.

Because the district court correctly determined that Appellant had not shown the violation of a constitutional right, the court did not err in declining to exercise supplemental jurisdiction over Appellant's state law claim. *See Bauchman v. West High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997) ("If federal claims are dismissed before trial, leaving only issues of state law, 'the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.'") (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

For the foregoing reasons, we **AFFIRM** the district court's dismissal of Appellant's claim. We **GRANT** Appellant's motion to proceed *in forma pauperis* on appeal, and we remind Appellant of his continuing obligation to make partial payments until his filing fee has been paid in full.