**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 13, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOSE GARZA,

       Plaintiff-Appellant,

v.

ALBERT BANDY,

       Defendant-Appellee.

No. 08-3152

(D.C. No. 08-CV-3084-SAC)

(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, MURPHY,** and **HARTZ**, Circuit Judges.

After examining the briefs and the appellate record, this panel has

determined that oral argument would not materially assist in the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is

therefore ordered submitted without oral argument.

Jose Garza, a state inmate incarcerated at the Lansing Mental Health

Facility in Kansas, appears pro se and seeks review of the district court's

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

dismissal of his ineffective assistance of counsel claim brought pursuant to 42 U.S.C. § 1983. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and we AFFIRM.

Mr. Garza's district court complaint claimed that his state-appointed defense counsel in the original state criminal proceeding against him gave him false information regarding a plea of insanity.[1] Mr. Garza contends that his counsel told him he could not enter a plea of "insanity," that his defense counsel "took advantage" of Mr. Garza because he did not know the law, and that, therefore, his rights were violated and his case should be reconsidered. Mr. Garza also seeks thirty million dollars in damages.

In completing the required screening process of this complaint, *see* 28 U.S.C. § 1915A (mandating screening and ultimate dismissal of prisoner's complaints if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted"), the district court ordered Mr. Garza to show how his complaint states a claim for relief under § 1983. Mr. Garza responded to the district court's order by arguing that his defense counsel violated state professional conduct rules by not "letting" Mr. Garza enter an insanity plea and that therefore Mr. Garza's free speech rights were violated. In its final order, the district court dismissed Mr. Garza's § 1983 complaint pursuant to 28 U.S.C. §

---

[1] Throughout the district court's proceedings, the defendant, Mr. Bandy, was not served and did not enter an appearance. Accordingly, Mr. Bandy has not responded to Mr. Garza's brief in these appellate proceedings.

1915(e)(2)(B)(ii), which requires dismissal if the court determines that the action "fails to state a claim on which relief may be granted." The district court also declined to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over any state law claim Mr. Garza intended to pursue for legal malpractice. Mr. Garza then filed the present appeal.

We review de novo the district court's decision to dismiss an in forma pauperis complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

> Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend. In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff.

*Id.* (internal quotations omitted). The same standard of review is applied for dismissals under § 1915(e)(2)(B)(ii) as is applied for dismissals under Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. *Id.* at 1217-18. In light of the Supreme Court's *Twombly* decision, *Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955 (2007), this standard requires that we "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Id.* at 1218.

"Plaintiffs alleging a violation of § 1983[2] must demonstrate they have been deprived of a right secured by the Constitution and the laws of the United States, and that the defendants deprived them of this right acting under color of law." *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008). However, the Supreme Court has stated that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). In addition, "even though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983." *Briscoe v. LaHue*, 460 U.S. 325, 329 n.6 (1983). *See also Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995) (stating that "even if counsel performs what would otherwise be a traditional lawyer function . . . so inadequately as to deprive the client of constitutional rights, defense counsel still will not be deemed to have acted under color of state law").

Mr. Garza's complaint clearly alleges that the defendant, Mr. Bandy, was

---

[2] Section 1983 provides in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

his appointed criminal defense counsel in his state court proceedings. Mr. Garza's complaint also alleges that Mr. Bandy was acting as his attorney at the time of the complained-of conduct, *i.e.*, at the time of discussion of his plea options. The district court was correct in finding that the facts alleged--that Mr. Bandy was a public defender performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding--were insufficient to state a plausible claim that Mr. Bandy was acting under color of state law for purposes of § 1983.

In his appellate brief, Mr. Garza cites the case of *West v. Atkins*, 487 U.S. 42 (1988), to support his proposition that Mr. Bandy was a state actor. However, *West* states only the general rule that "[t]o constitute state action, the deprivation must be caused by the exercise of some right or privilege created by the State or by a person for whom the State is responsible, and the party charged with the deprivation must be a person who may fairly be said to be a state actor. State employment is generally sufficient to render the defendant a state actor." *Id.* at 49 (internal quotations omitted). *West* then goes on to discuss *Polk County* in detail, however, and specifically references the holding from *Polk County* that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Id.* at 50. The *West* court also states that a public defender is different from a typical government employee and state actor because of his professional independence

and his adversarial position against the State. *Id.* The *West* case, therefore, does not support Mr. Garza's position.[3]

Accordingly, the district court correctly dismissed Mr. Garza's complaint and the judgment of the district court is AFFIRMED. Mr Garza is reminded of his continuing obligation to make partial payments toward his appellate filing fee until the entire balance of the appellate filing fee is paid in full. 28 U.S.C. § 1915(b)(1)-(2).

Entered for the Court,


Mary Beck Briscoe
Circuit Judge

---

[3] Mr. Garza also cites the case of *Northington v. Jackson*, 973 F.2d 1518 (10th Cir. 1992), for the case's discussion of the pretrial points at which a district court may dismiss a pro se prisoner complaint, including when a claim is "frivolous or malicious" under 28 U.S.C. § 1915.

Mr. Garza apparently mistakenly believes his complaint was dismissed under this "frivolous or malicious" standard. Even a cursory reading of the district court's order of dismissal shows that it was not.