IN THE COURT OF APPEALS OF THE STATE OF IDAHO

**Docket No. 45048**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: September 18, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) |
| JESUS GEORGE AYALA, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgment of conviction for possession of a controlled substance and possession of drug paraphernalia, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant. Kimberly A. Coster argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

---

LORELLO, Judge

Jesus George Ayala appeals from his judgment of conviction for possession of a controlled substance and possession of drug paraphernalia. Ayala argues that the district court erred in denying his motion to suppress evidence that was discovered as a result of his arrest and the subsequent search of his person. Specifically, he contends that his arrest was constitutionally unlawful because it was not supported by probable cause and that the parole officer's statutory authority to arrest under I.C. § 20-227 was never invoked. He also argues that his sentence for possession of a controlled substance is excessive. For the reasons set forth below, we affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

A local law enforcement officer was notified that Ayala had absconded from parole and that his parole officer would issue an agent's warrant. The local officer located Ayala and arrested him before the warrant was issued. During a search incident to arrest, the officer found methamphetamine and drug paraphernalia. The agent's warrant was prepared and emailed to the officer after Ayala's arrest and search. The State charged Ayala with possession of a controlled substance, possession of drug paraphernalia, and a persistent violator sentencing enhancement. Ayala filed a motion to suppress the drugs and paraphernalia, arguing that the evidence was discovered during a search incident to an unlawful arrest. The district court denied Ayala's motion to suppress. Ayala entered a conditional guilty plea to possession of a controlled substance and possession of drug paraphernalia, reserving his right to appeal the district court's denial of his motion to suppress. As part of the plea agreement, the State dismissed the persistent violator enhancement. Ayala was sentenced to a unified term of seven years, with a minimum period of confinement of one year, for possession of a controlled substance.[1] Ayala appeals.

# II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

---

[1] Ayala was also sentenced to thirty days for possession of drug paraphernalia to run concurrently with the possession of a controlled substance sentence; however, Ayala does not challenge this portion of his sentence on appeal.

A sentence that is within the statutory limits is reviewed for an abuse of discretion. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006).

## III.

## ANALYSIS

### A.    Motion to Suppress

Ayala asserts that the district court erred in denying his motion to suppress. Specifically, Ayala argues that his warrantless arrest and the subsequent search were unlawful because the officer arrested Ayala without probable cause to believe he had committed any crime and because the officer was not deputized and did not have an agent's warrant as required by I.C. § 20-227. Ayala contends that the exclusionary rule should be applied in his case to suppress the evidence obtained as a result of the illegal seizure and search. The State argues that Ayala's arrest was lawful because it was supported by probable cause to believe that Ayala violated parole by absconding and that the search incident to the arrest was, therefore, valid.

Idaho Code Section 20-227(1) authorizes a parole or probation officer to arrest a parolee or probationer without a warrant. The same code section also provides that a parole or probation officer "may deputize any other officer with the power of arrest to do so, by giving such officer a written statement" known as an "agent's warrant." I.C. § 20-227(1). Although Ayala's parole officer notified local law enforcement that Ayala had absconded and the parole officer intended to issue an agent's warrant for Ayala's arrest, it is undisputed that Ayala was arrested and searched incident thereto before the warrant was received. However, the failure to comply with the statute's warrant requirement does not amount to a constitutional violation. *See Virginia v. Moore*, 553 U.S. 164, 174-78 (2008); *State v. Green*, 158 Idaho 884, 887, 354 P.3d 446, 449 (2015). Absent a constitutional violation, suppression is not an appropriate remedy. *Green*, 158 Idaho at 892, 354 P.3d at 454 (noting that "suppression of evidence is a court-created remedy to ensure compliance with constitutional standards, and it is not appropriate to extend that remedy to violations that are merely statutory"). Thus, the question before the Court in this case is

3

whether the arrest and search of Ayala satisfied the Fourth Amendment.[2] We conclude that it did.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Arrests in the context of the Fourth Amendment often relate to arrests made upon probable cause that a crime has been or is being committed in the officer's presence. *See State v. Bishop*, 146 Idaho 804, 816, 203 P.3d 1203, 1215 (2009). This is the underlying premise of Ayala's argument; *i.e.*, the Fourth Amendment only authorizes law enforcement officers to arrest for crimes, not parole violations. That a parole violation does not constitute a crime does not, however, mean an arrest for a parole violation made by law enforcement at the request of a parole agent violates the Fourth Amendment.[3] Such a conclusion would be contrary to prior decisions of this Court holding that, if a parole or probation officer is justified in making a search, he or she may enlist the aid of police officers in performing that duty. *State v. Armstrong*, 158 Idaho 364, 370, 347 P.3d 1025, 1031 (Ct. App. 2015). As we noted in *Armstrong*, nothing precludes mutually beneficial cooperation between law enforcement officials and parole officers. *Id.* We hold that this cooperation includes arresting a parole violator at the request of a parole officer. Our holding is consistent with the cooperation authorized by I.C. § 20-227 and is consistent with the Fourth Amendment's reasonableness requirement. While parolees are protected against *unreasonable* searches and seizures, parolees' rights under the Fourth Amendment are more limited as those rights relate to their status as parolees. *See* I.C. § 20-227 (authorizing a parole officer to arrest without a warrant); I.C. § 20-223 (providing that parolees remain while on parole in the legal custody and under the control of the Board of

---

[2] Ayala asserts that warrantless searches and seizures are presumptively unreasonable under both the Fourth Amendment and Idaho's constitutional corollary, Article I, Section 17. However, Ayala provides no reason why the state constitution provides greater protections than the Fourth Amendment. Therefore, the Court will rely on judicial interpretation of the Fourth Amendment in its analysis of Ayala's claims. *See State v. Schaffer*, 133 Idaho 126, 130, 982 P.2d 961, 965 (Ct. App. 1999).

[3] The Ninth Circuit has noted that most federal courts that have considered the Fourth Amendment implications of seizing a parole violator have held that, because a parolee remains in legal custody during the term of his parole, "the retaking of a parole violator does not constitute an arrest for Fourth Amendment purposes." *Jenkins v. Currier*, 514 F.3d 1030, 1033 (10th Cir. 2008).

4

Correction).  These limitations inform the reasonableness inquiry under the Fourth Amendment. There is no constitutionally sound basis for us to conclude that Ayala's arrest, made at the request of his parole officer, was unreasonable and violated the Fourth Amendment merely because the paperwork, required only by statute, had not been completed.  Accordingly, the district court did not err in denying Ayala's motion to suppress.

**B.      Excessive Sentence**

Ayala contends that the six-year indeterminate portion of his unified seven-year sentence, with one year fixed, is excessive in light of the mitigating circumstances in his case, including his youth (twenty-nine at the time of sentencing), drug addiction, and family support. Sentencing is a matter for the trial court's discretion.  In order to prevail on his excessive sentence claim, Ayala must establish that, under any reasonable view of the facts, his sentence is excessive in light of the four sentencing objectives--protection of society, deterrence, rehabilitation, and punishment.  *See Knighton*, 143 Idaho at 319-20, 144 P.3d at 24-25.  Having reviewed the record, which shows the district court expressly considered Ayala's struggle with addiction and his need for structured treatment, we cannot say that the district court abused its sentencing discretion.

### III.

### CONCLUSION

Because Ayala's arrest, made at the request of his parole officer, did not violate the Fourth Amendment, we affirm the district court's decision denying Ayala's motion to suppress. Ayala's unified sentence of seven years, with a minimum period of confinement of one year, is not excessive.  Ayala's judgment of conviction for possession of a controlled substance and possession of drug paraphernalia is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.