**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46594**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: January 22, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| FELIPE TOVANCHE MENDEZ, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. George A. Southworth, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Felipe Tovanche Mendez appeals from his judgment of conviction for possession of a controlled substance. Mendez challenges the district court's order denying his motion to suppress. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

During a traffic stop of a vehicle because of a broken taillight, the officer smelled marijuana. When asked about the odor, the driver, Mendez, pointed to a marijuana cigarette. The officer arrested Mendez for misdemeanor possession of a controlled substance and transported Mendez to jail to be "booked and released." After Mendez was transported to the jail, deputies found a baggie of methamphetamine on the floor where he had been standing.

1

Video surveillance confirmed that Mendez dropped the baggie. The State charged Mendez with felony possession of a controlled substance. I.C. § 37-2732(c)(1).

Mendez filed a motion to suppress the methamphetamine, arguing that he was subject to an unlawfully prolonged seizure when the officer decided to transport Mendez to the jail to book and release him because the officer was not authorized to release Mendez without a judicial determination regarding bail. The district court denied the motion. Pursuant to a plea agreement, Mendez entered a conditional guilty plea[1] to felony possession of a controlled substance, reserving his right to appeal the district court's denial of his motion to suppress. The district court withheld judgment and placed Mendez on probation. Mendez appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Mendez contends that, although he is "mindful" of the lack of legal authority supporting his position, the district court nevertheless erred in denying his motion to suppress because the officer's decision to book and release Mendez on a misdemeanor was unlawful, making his alleged arrest actually a prolonged detention that violated the Fourth Amendment. Mendez's argument that the book-and-release procedure is illegal is based on I.C. § 19-2904, which only

---

[1] Mendez entered his guilty plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970). He had also been charged with felony destruction, alteration, or concealment of evidence. This charge was dismissed following his guilty plea to possession of a controlled substance.

authorizes a court to release an individual on his own recognizance or to set bail and impose conditions of release. The State responds that releasing Mendez from jail did not violate the Fourth Amendment. Alternatively, the State argues that even if the book-and-release procedure was illegal, Mendez has failed to show he is entitled to suppression because he has failed to show any nexus between being released and the discovery of methamphetamine. We hold that the book-and-release procedure did not violate Mendez's Fourth Amendment rights.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Nothing in the Fourth Amendment prohibits or forecloses the book-and-release procedure at issue in this case. As Mendez acknowledges, he has cited no authority to support such a proposition. Thus, his claim fails.[2] *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (stating that a party waives an issue on appeal if either authority or argument is lacking); *State v. Freitas*, 157 Idaho 257, 266-67, 335 P.3d 597, 606-07 (Ct. App. 2014) (rejecting argument as unsupported by cogent argument or relevant authority applicable to the facts).

## IV.

## CONCLUSION

Because Mendez failed to show the book-and-release procedure violates the Fourth Amendment, the district court did not err in denying Mendez's motion to suppress. Therefore, Mendez's judgment of conviction for possession of a controlled substance is affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.

---

[2] Even assuming the officer's conduct violated the requirements of I.C. § 19-2904, statutory violations do not equate to constitutional violations. *See Virginia v. Moore*, 553 U.S. 164, 178 (2008) (holding that violations of state statutory requirements do not result in a violation of the Fourth Amendment); *State v. Ayala*, 164 Idaho 550, 552, 432 P.3d 996, 998 (Ct. App. 2018) (stating that failure to comply with a statutory warrant requirement does not amount to a constitutional violation).