**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 25, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

GREGORY IFESINACHI EZEANI,

    Plaintiff - Appellant,

v.

DR. LUIS RODOLFO GARCIA
CARILLO; DR. DAVID V. JAUREGUI;
DR. PHAME CAMARENA,

    Defendants - Appellees.

No. 23-2104
(D.C. No. 2:23-CV-00325-MIS-DLM)
(D. N.M.)

_____

## ORDER AND JUDGMENT*

_____

Before **BACHARACH**, **KELLY**, and **LUCERO**, Circuit Judges.

_____

Gregory Ifesinachi Ezeani, pro se, appeals the district court's order dismissing

his amended complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a

claim. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

    * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I**

Ezeani, a former student at New Mexico State University (NMSU), filed suit under 42 U.S.C. §1983 for the alleged violation of his civil rights.  A magistrate judge granted his motion to proceed without prepayment of fees (IFP).  After screening the complaint, the magistrate judge determined that it failed to state plausible claims for relief and directed Ezeani to file an amended complaint.

In his amended complaint, Ezeani alleged that NMSU Assistant Professor Luis Rodolfo Garcia Carrillo "failed to provide academic supplies, refuse[d] to provide distribution of mark of his project grades for proper transparency and . . . penalized [him] for not using suppl[ies] that he did not provide."  R., vol. 1 at 146.  According to Ezeani, Professor Carrillo "violated NMSU Rule[s] 4.41, 5.40 & 3.00."  Id.

For his claims against David V. Jauregui, NMSU's Associate Dean of Academics, and Phame Camarena, its Interim Dean of Graduate Studies, Ezeani alleged that "Dr. Jauregui on appeal did not follow the University rule in his decision," and "Dr. [Camarena] on final appeal refuse[d] to follow NMSU rule in making final decision."  Id.

Ezeani alleged violations of his (1) "[F]ifth [A]mendment . . . right to due process to NMSU law determination," (2) "[E]ight[h] [A]mendment . . . right to NMSU Rule," and (3) "14th [A]mendment . . . right to NMSU Rule."  Id. at 145.  As relief, he sought (1) $20,000 in compensatory damages, id. at 146; (2) damages for "emotional pain and suffering" from being "subjected to unlawful academic

2

probation," id. at 147; and (3) an order deleting "the F grade given" by Dr. Carrillo, id. at 146.

In its memorandum opinion and order dismissing the amended complaint, the district court determined that Ezeani "fails to state a due process claim because [he] does not identify a protected property interest to which due process protections apply." Id. at 151. Specifically, "[t]here are no factual allegations that [his] class grade is a protected property interest, [or] that [he] has a protected property interest in remaining off academic probation." Id. Also, the amended complaint fails to "describe the criteria for placing students on academic probation or the consequences of being placed on academic probation." Id.

Further, the court explained that the amended complaint "does not contain [any] factual allegations describing the process due to [Ezeani] and showing [that he] was not afforded the process due." Id. To the contrary, "[t]he Amended Complaint [contains only] conclusory allegations that Defendants violated or did not follow NMSU rules but does not contain factual allegations regarding what those rules require and how Defendants violated those rules." Id. "[B]ecause the Amended Complaint does not describe the rule(s) that Defendants allegedly did not follow or the appeal process that Defendants provided, the Amended Complaint fails to allege sufficient facts showing that Defendants did not provide an appropriate level of process during [Ezeani's] appeal." Id. at 152.

The court also determined that Ezeani's Eighth Amendment claim failed because "[t]he Eighth Amendment, which prohibits the infliction of cruel and unusual

punishments, applies to those who have been convicted of crime [and] [t]here are no factual allegations in the Amended Complaint that [Ezeani] was convicted of a crime." Id. (internal quotation marks omitted).

## II

Any complaint filed pursuant to the IFP provisions of § 1915(a) is subject to sua sponte dismissal if the court determines that complaint "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "[W]e review *de novo* a district court's *sua sponte* dismissal pursuant to . . . § 1915(e)(2) in an [IFP] proceeding." Vasquez Arroyo v. Starks, 589 F.3d 1091, 1094 (10th Cir. 2009). In doing so, "[w]e apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim." Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege facts that, if true, 'state a claim to relief that is plausible on its face.'" Clinton v. Sec. Benefit Life Ins. Co., 63 F.4th 1264, 1274 (10th Cir. 2023) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[W]hen *Iqbal* speaks of a claim's facial plausibility, the complaint must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1275 (internal quotation marks omitted).

4

"In reviewing an order granting a motion to dismiss, our role is like the district court's:  we accept the well-pleaded facts alleged as true and view them in the light most favorable to the plaintiff, but need not accept threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements."  Id. (citation, brackets and internal quotation marks omitted).  "An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement."  Id. (internal quotation marks omitted).

"Because [Ezeani] [appears] pro se, we liberally construe his filings, but we will not act as his advocate."  James v. Wadas, 724 F.3d 1312, 1315 (10th Cir. 2013).  "Although we construe a pro se plaintiff's complaint broadly, the plaintiff still has the burden of alleging sufficient facts on which a recognized legal claim could be based."  Jenkins v. Currier, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

## III

In his opening brief, Ezeani lists several reasons why the district court's decision was wrong.  For example, he argues that his class grade is a protected property interest that warrants due process protections because it "results from effort owned and resource invested by the student."  Aplt. Opening Br. at 8.  Next, he maintains that because the court did not issue summonses to defendants, "it is the duty of the court to show beyond reasonable doubt that evidence provided by the plaintiff lacks merit or [that] it is . . . false evidence before dismissal."  Id. at 9.  Similarly, he argues that his failure to describe the NMSU rules that defendants

5

allegedly failed to follow, the appeal process, or the process that was provided must be overlooked "because the court [did] not refute[] that the evidence provided by the plaintiff was faulty or false." Id. at 10. As to the alleged Eighth Amendment violation, he contends that "stopping the plaintiff from graduation and placing him on] academic probation . . . is as good as [a] crim[inal] conviction because [un]usual punishment exist[s] in both circumstances." Id. at 11.

But Ezeani fails to address the relevant question: whether the amended complaint stated plausible claims for relief. Instead, as an overarching argument, he maintains that any consideration of whether the amended complaint stated plausible claims for relief was premature because "[t]he [district] court lacks jurisdiction to determine final insufficiency without issuing a summons to the defendant to determine sufficiency or non-sufficiency in a federal civil procedure method of investigation." Id. at 12. He also faults the district court for "fail[ing] to investigate" his case before dismissing it. Id. at 11.

Ezeani does not support any of his arguments with legal authority. Therefore, we decline to consider them. See Fed. R. App. P. 28(a)(8)(A) (among other things, "[t]he appellant's brief must contain . . . the argument, which [in turn] must contain[] appellant's contentions and the reasons for them, with citations to the authorities . . . on which the appellant relies"); Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840-41 (10th Cir. 2005) (holding that a pro se litigant must comply with Rule 28, including providing legal authority for his arguments); Phillips v. Calhoun, 956 F.2d 949, 953-54 (10th Cir. 1992) (declining to consider an issue, in part,

6

because appellant's position not even minimally supported by legal argument or authority).[1]

IV

The judgment of the district court is affirmed.

Entered for the Court

Carlos F. Lucero<br>Circuit Judge

---

[1] The only legal authority cited by Ezeani is <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957), which held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>See</u> Aplt. Opening Br. at 13. However, the <u>Conley</u> standard is no longer good law; rather, the "beyond doubt" standard was abrogated and replaced with the plausibility standard in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 560-63 (2007).