**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 9, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

NOR T. THOMAS, JR.,

    Plaintiff - Appellant,

v.

MARK KNUTSON; DAVID LOUTHAN,
Warden; LADANA HAMILTON;
OKLAHOMA DEPARTMENT OF
CORRECTIONS,

    Defendants - Appellees.

No. 23-7067
(D.C. No. 6:23-CV-00134-RAW-GLJ)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **ROSSMAN**, and **FEDERICO**, Circuit Judges.
_____

Plaintiff Nor Thomas, Jr., an Oklahoma state prisoner appearing pro se and

proceeding in forma pauperis, filed a civil rights complaint under 42 U.S.C. § 1983

seeking relief against the Oklahoma Department of Corrections (ODOC) and three

ODOC employees.  The district court screened the complaint under 28 U.S.C.

§ 1915A and ultimately dismissed the claims under 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Thomas now appeals.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the judgment of the district court.

I

Mr. Thomas initiated these proceedings on April 21, 2023, by filing a form titled "PRO SE PRISONER CIVIL RIGHTS COMPLAINT."  R. at 6.  In the form, Mr. Thomas identified himself as a "[c]onvicted and sentenced state prisoner" who was housed at the Mack Alford Correctional Center (MACC) in Stringtown, Oklahoma.  R. at 7.  Mr. Thomas named as defendants the ODOC and three ODOC employees, including the warden at MACC.

In Claim 1 of his complaint, Mr. Thomas alleged that on January 19, 2005, he "was sentenced to 20 years 85%" in a criminal case in Washington County, Oklahoma, "to run consecutively to" a "not 85% parole revocation" sentence imposed in Tulsa County, Oklahoma.  R. at 10.  Mr. Thomas alleged that he "served both sentence[s] concurrently from February 17, 2005, until May 2, 2008," when the parole revocation sentence "was completed."  R. at 10–11.  According to Mr. Thomas, he "continue[d] to serve" the "20 years 85%" sentence until it was discharged on October 20, 2021.  R. at 11.  But thereafter, he "was re-bill[ed] to serve[]" the parole revocation sentence "a second time."  *Id.*  Mr. Thomas also alleged the ODOC disregarded a new Oklahoma state law that would have afforded him "credit[] for street time" spent on parole before he was convicted and sentenced in the Washington County case.  *Id.*  Ultimately, Mr. Thomas alleged his

constitutional due process rights were violated by the ODOC's administration[1] of his two sentences, and he was entitled to "earned credit" and the immediate discharge of his parole revocation sentence.  R. at 12.

Mr. Thomas's complaint stated the three remaining claims against three individual defendants.  In Claim 2, Mr. Thomas alleged defendant Mark Knutson, an ODOC employee, violated Mr. Thomas's due process rights by "[r]efusing" to "exercis[e] his discretion" in handling two grievances filed by Mr. Thomas.  R. at 10. Similarly, in Claim 3, Mr. Thomas likewise alleged defendant David Louthan, the warden at MACC, violated Mr. Thomas's due process rights by "maliciously den[ying]" and failing to investigate the grievances Mr. Thomas had filed.  R. at 13. Finally, in Claim 4, Mr. Thomas alleged defendant LaDana Hamilton, an employee at MACC, also violated his due process rights by "disregard[ing] to credit time served . . . after [Mr. Thomas] discharge[d]" the sentence imposed in 2005 in Washington County, and also by "[d]isregard[ing] [a] time sheet showing the two [sentences] w[ere] completely served."  *Id.*  In the "RELIEF REQUESTED" section of his complaint, Mr. Thomas sought monetary damages.[2]  R. at 14.

---

[1] When we refer to "administration" or "sentence administration," we are describing what appears to be Mr. Thomas's challenge to the manner in which the ODOC complied with applicable law and department policy to ensure his sentences were correctly calculated and administered.

[2] In particular, Mr. Thomas's complaint sought "compensation for imprisonment," "damage for discomfort and los[s] of eye sight, literally blind in left eye, due to [glaucoma] and not receiving adequate medical treatment since 2020," "los[s] of time and wages of $26.00 an hour from his occupation," and "deprivation of society [for] 2 years and 6 months."  R. at 14.

The district court screened Mr. Thomas's complaint under 28 U.S.C. § 1915A[3] and issued an opinion and order on August 8, 2023. The district court concluded, as an initial matter, that Mr. Thomas's claims against the ODOC effectively sought relief from the State of Oklahoma and were thus barred by the Eleventh Amendment. The district court therefore dismissed the ODOC from the action without prejudice.

The district court then concluded Claim 1 of Mr. Thomas's complaint, though "confusing," "appear[ed] to be challenging the execution of his sentence" and thus could not "be adjudicated in a civil rights lawsuit under 42 U.S.C. § 1983." Suppl. R. at 5. "Instead," the district court concluded, the claim "must be raised in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241," which "attacks the execution of a sentence and must be filed in the district where the petitioner is confined." *Id.* The district court also observed that for Mr. Thomas to obtain "compensatory damages for his alleged unconstitutional incarceration," he had to first establish that "his 'conviction or sentence ha[d] been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Id.* (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). The district court therefore dismissed Claim 1 without prejudice.

---

[3] Section 1915A requires a court to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to dismiss the complaint if it "is frivolous, malicious, . . . fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from relief." 28 U.S.C. § 1915A(a), (b).

As for Claim 2, the district court concluded Mr. Thomas "failed to allege how his due process rights were violated" by defendant Knutson. *Id.* at 6. The district court reasoned "[t]he 'denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by the plaintiff, does not establish personal participation under § 1983.'" *Id.* (quoting *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)). The district court therefore dismissed Claim 2 with prejudice "for failure to state a claim under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii)."[4] *Id.*

As for Claim 3, the district court acknowledged Mr. Thomas was "complain[ing] he was deprived of earned credits and a discharge" of his parole revocation sentence. *Id.* at 6. And Claim 4, the district court reasoned, similarly alleged defendant Hamilton "failed to credit [Mr. Thomas's] time served" and "disregarded . . . time sheets showing he completely served" his parole revocation sentence. *Id.* at 7. The district court concluded that both claims concerned the execution of his sentence, and in turn both had to be raised in a proceeding under § 2241 instead of in a civil rights action. *See id.* at 6–7. The district court therefore dismissed the claims without prejudice.

---

[4] Where, as here, a prisoner files a civil action seeking redress from a governmental entity or officer or employee of a governmental entity, § 1915A(b)(1) requires the district court to dismiss the complaint or any portion thereof that fails to state a claim upon which relief can be granted. Similarly, where, as here, a prisoner brings a civil action without prepayment of fees, § 1915(e)(2)(B)(ii) requires the district court to dismiss the action if it fails to state a claim on which relief may be granted.

Finally, the district court liberally construed the "RELIEF REQUESTED" section of the complaint to be asserting a claim of inadequate medical treatment for loss of vision and discomfort in Mr. Thomas's left eye. Because, however, the complaint did not identify any individual responsible for the alleged inadequate medical treatment, the district court informed Mr. Thomas that, to "pursue this medical claim in this civil rights lawsuit," he "must complete and return an amended complaint raising this issue within twenty-one (21) days." *Id.* And the district court emphasized that "[f]ailure to file an amended complaint as directed w[ould] result in dismissal of this action without prejudice and without further notice." *Id.* at 8.

Mr. Thomas filed a notice of appeal on August 21, 2023, which was dismissed for lack of a final order and judgment.

On September 13, 2023, the district court issued a minute order dismissing the action without prejudice due to Mr. Thomas's failure to file an amended complaint. On that same day, the clerk of the district court entered final judgment. A few days later, Mr. Thomas filed a pleading called "Motion To Amend." R. at 65. The pleading did not mention the medical issues referenced in the "Relief Requested" section of his original complaint but appeared to focus on the sentence administration issues raised in the original complaint.

On September 25, 2023, Mr. Thomas noticed an appeal from the final judgment entered on September 13. This court abated the appeal pending the district

court's disposition of Mr. Thomas's motion to amend. On October 4, 2023, after the district court denied the motion to amend, this court lifted the abatement.[5]

## II

We review *de novo* a district court's dismissal of a complaint under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B). *See Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1094 (10th Cir. 2009); *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009). Where, as here, the district court dismisses the complaint for failure to state a claim, "[w]e apply the same standard of review . . . that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Under this standard, we "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Young*, 554 F.3d at 1256 (internal quotation marks omitted). Mr. Thomas proceeds pro se, so we liberally construe his pleadings. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). That said, "we will not act as his advocate." *Id.* And he "still has the burden of alleging sufficient facts on which a recognized legal claim could be based." *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

---

[5] The scope of this appeal does not extend to the district court's September 29, 2023 order denying Mr. Thomas's motion to amend. Mr. Thomas filed his notice of appeal before the district court ruled on his motion to amend, and he did not file a new or amended notice of his intent to appeal the district court's denial of his motion to amend. *See* Fed. R. App. P. 4(a)(B)(ii) (requiring a party who intends to challenge an order disposing of a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) to "file a notice of appeal, or an amended notice of appeal").

We begin, as did the district court, with Mr. Thomas's claims against the ODOC. Section 1983, the statute under which Mr. Thomas asserted the claims in his complaint, imposes liability on "[e]very *person* who," acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983 (emphasis added). It has long been established states, state agencies, and state officials acting in their official capacities are not "persons" under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). We therefore agree with the district court that the ODOC, as an agency of the State of Oklahoma, was not subject to liability under § 1983 and that the claims asserted by Mr. Thomas against the ODOC in his complaint were properly dismissed.

We turn next to Claims 1, 3, and 4 of Mr. Thomas's complaint. Those claims center on Mr. Thomas's assertions that he successfully completed his parole revocation sentence but mistakenly had to serve that sentence a second time, and that ODOC employees disregarded a new Oklahoma state law that would have afforded him credit for street time spent on parole between 2002 and 2004. More specifically, Claim 1 alleged that the ODOC mistakenly required him to serve his parole revocation twice and disregarded a new Oklahoma state law that would have afforded him credit for the time he spent on parole between 2002 and 2004; Claim 3 alleged that defendant Louthan failed to investigate and wrongfully denied grievances that Mr. Thomas filed regarding the ODOC's calculation of his sentences; and Claim 4

8

alleged that defendant Hamilton disregarded information showing he had completely served his two sentences. As the district court correctly explained, "a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement" and "must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (internal quotation marks and citations omitted). In terms of federal habeas relief, a § 2241 petition is the appropriate vehicle when a state prisoner like Mr. Thomas "challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012).

Relatedly, the district court also correctly concluded Claims 1, 3, and 4, to the extent they sought damages under § 1983, could not proceed. In *Heck*, the Supreme Court addressed "the question whether a state prisoner may challenge the constitutionality of his conviction [or sentence] in a suit for damages under 42 U.S.C. § 1983." 512 U.S. at 478. To proceed under § 1983, the Court explained, such a "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87. In other words, the Court held, if the plaintiff in a federal civil rights action "is challenging the legality of his" sentence, "so that if he won his case the state would be obliged to release him even if he hadn't sought that relief, the suit is classified as an application for habeas corpus and the plaintiff must exhaust his state remedies, on pain of dismissal if he fails to do so." *Id.* at 480.

9

Because a judgment for Mr. Thomas on Claims 1, 3 or 4 would necessarily imply the invalidity of his sentence, those claims are currently barred under *Heck* and the district court properly dismissed them without prejudice.  *See Wilkinson*, 544 U.S. at 81–82.

As for Claim 2, recall, Mr. Thomas alleged defendant Knutson violated his due process rights by denying two grievances he filed.  We agree with the district court these allegations, without more, failed to state a valid claim for relief against defendant Knutson.  As we held in *Gallagher*, "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."  587 F.3d at 1069.  Accordingly, we must conclude the district court properly dismissed Claim 2 with prejudice.

That leaves only Mr. Thomas's claim for inadequate medical treatment for loss of vision and discomfort in his left eye.  Because Mr. Thomas's complaint identified no individual responsible for the alleged injuries, the district court allowed Mr. Thomas to file an amended complaint and develop those facts.  Mr. Thomas did not do so.  Under these circumstances, we discern no error in the district court's decision to dismiss the medical claim without prejudice pursuant to § 1915(e)(2)(B)(ii).  *See generally Robbins v. Okla. ex rel. Dep't of Hum. Servs.*, 519 F.3d 1242, 1250 (10th Cir. 2008) (stating complaint must "make clear exactly *who* is alleged to have done *what* to *whom*") (emphasis in original).

III

The judgment of the district court is affirmed.

Entered for the Court


Veronica S. Rossman
Circuit Judge